**In re the Marriage of Beverly G. SWARTWOUDT, Petitioner, Respondent,**

v.

**David E. SWARTWOUDT, Appellant.**

**No. C2–83–1665.**

Court of Appeals of Minnesota.

June 12, 1984.

Bernard E. Borene, Lampe, Fossum, Jacobson, Borene & Crow, Northfield, for respondent.

Thomas M. Neuville, Grundhoefer & Neuville, Northfield, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

■ This appeal is from an amended judgment. There was no motion for a new trial. The time for appeal from the original judgment had run. The amended judgment did not change any of the provisions of the original judgment with respect to custody of the minor child, the sole issue raised on appeal. That issue is not reviewable as of right. The record is detailed and lengthy. The interests of justice do not require that we exercise our right of discretionary review. We affirm.

## FACTS

The parties' turbulent relationship resulted in a bitter dissolution proceeding. Custody of the five-year old son, Allen, was granted to the mother, who has one child not of this marriage. The record is replete with allegations about each party's callousness towards the children on occasion, as well as each party's great love and concern. Over fifteen witnesses appeared to testify. They were equally divided in their support for each party. Fortunately, it appears the children were well cared for and were considered well-adjusted at the time of the trial. Both parties agree that the father had very little involvement with Allen's care until Allen was three and one-half years old. The father had been a trucker and was often gone. Once he started farming again, he began spending more time with Allen. Allen apparently enjoys this.

The parties differ in their views on discipline. The mother appears to prefer a more structured environment than does the

father. The court and other evaluators found that the parties differed more in style of discipline than in their capability to properly discipline. Both parties claim to be regular churchgoers. Each alleges the other is a hypocrite in saying so.

The mother now resides in Texas and has remarried. The father remains farming in Dundas. In custody studies, both homes were found suitable for Allen.

In the lengthy findings of fact, the trial court found that both parties were fit and proper persons to have legal and physical custody of Allen, so long as the father maintains sobriety. However, the trial court found the parties' unable to cooperate in raising a child. The court found Allen had a number of friends and relatives in Dundas, but had not yet established many friendships in Texas. It found Allen was not old enough to express a preference as to custody.

The court further found that the father had demonstrated an ability to function capably as a parent through extended periods of custody since his chemical dependency treatment. However, the Court also found before the separation the father was emotionally abusive to Kerri and may well have been unfit as a parent. The court determined that Allen's best interests were served by granting custody to the mother, with extensive visitation by the father.

## ISSUE

Whether the custody award is appealable.

## ANALYSIS

■ In appealing his post-decree motion, the father met the 30-day time requirement of Minn.R.Civ.App.P. 104.01. However, that post-decree motion itself is not appealable. That motion was not sufficient to constitute one for a new trial, the denial of which allows an appeal under Minn.R.Civ.App.P. 103.03(d). The motion neither requests a new trial nor sets forth any appropriate specific grounds stated under Minn.R.Civ.P. 59.01. It simply re-. quests the taking of additional testimony from known witnesses whose testimony was not requested at trial. That request does not meet even a liberal construction of the Rule 59.01(4) ground of newly-discovered evidence. Motions for a new trial often are made solely for purposes of preserving an appeal. When the matter has been tried to the court without a jury, the moving party may recognize that the likelihood of a new trial being granted is slim. However, it is imperative the request for that new trial and the Rule 59.01 basis therefor must be stated explicitly and with specificity.

■ The father also appeals from the amended judgment and decree, which denied the change in custody the father sought. Where the original judgment is not appealed and an issue is left undisturbed in an amended judgment, that issue is not reviewable on appeal from the amended judgment. *Dennis Frandsen & Co. v. Kanabec County*, 306 N.W.2d 566 (Minn.1981). When a judgment is modified, issues from the original judgment are reviewable only if they were not appealable before the modification. *Servin v. Servin*, 345 N.W.2d 754 (Minn.1984).

■ The courts do retain the constitutional power to hear any appeal in the interest of justice. *E.C.I. Corp. v. G.G.C. Co.*, 306 Minn. 433, 237 N.W.2d 627 (1976). In *E.C.I.*, the original order was clearly incorrect, and it was apparent to all parties that it was not the final judgment of the court. The appellant filed a notice of appeal from the amended judgment, but not from the original judgment, after the ninety days for appeal from the original judgment had expired. The court exercised its discretion to take jurisdiction and hear the appeal.

In *Krug v. Independent School Dist. No. 16*, 293 N.W.2d 26 (Minn.1980), the trial court denied a motion for amended findings and a new trial, but issued an addendum to its original order. The Supreme Court found the appealed issue could have been raised in an appeal from the original order, but that it would be unjust to dismiss when appellant's actions were prompt and done

with the belief that the record on appeal was incomplete without the second decision.

We are not now faced with an incomplete judgment or an incorrect order. Instead, we have a very complete record, with well-drafted and thorough findings by the court. We recognize appellant's concern over the welfare of his son. We further recognize the serious nature of custody decisions. However, a thorough review of the record causes us to conclude that the interests of justice do not require an exercise of our discretionary review.

In view of our ruling on the appealability issue, we do not find it necessary to rule on the substantive issues raised by the father.

### DECISION

We affirm.