In re the Marriage of Mary F. CAMPION, Petitioner, Respondent,

v.

Clarence C. CAMPION, Appellant.

No. C6–85–1513.

Court of Appeals of Minnesota.

March 25, 1986.

Robert H. Rydland, Minneapolis, for respondent.

James H. Hennessy, Minneapolis, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

CRIPPEN, Judge.

Clarence Campion appeals from the trial court's decree dissolving the parties' marriage and distributing their property. He claims that the trial court's characterization of some of the parties' property as marital was erroneous. He also claims that the trial court erroneously awarded attorney's fees to Mary Campion and re-

served jurisdiction over the issue of maintenance. We affirm.

## FACTS

The parties were married in 1952 and dissolved their marriage in 1985. During the course of the marriage, the couple accumulated substantial property investments. Appellant Clarence Campion claims the trial court's characterization of certain assets as marital property was erroneous.

The trial court found there was a marital estate worth approximately $1.3 million and divided it almost equally between the parties. This estate included these assets:

|  | Value |
| --- | --- |
| Homestead | $ 140,000 |
| 68 percent vendor's interest, Douglas Avenue property | 70,981 |
| Hay Lake property | 105,000 |
| Bloomington Avenue property | 29,353 |
| 1/5 Interest in Lake Ann property | 36,120 |
| Lake Ann contract rights | 44,200 |
| Park Place Apartments | 866,502 |
| Other | 7,500 |
|  | $1,299,656 |

Clarence Campion was also awarded non-marital assets worth $261,123, including a 32 percent interest in the Douglas Avenue contract, worth $33,566.

### 1. The Homestead

The trial court found that the parties' homestead is entirely marital, but appellant disputes that finding. He claims that he contributed $60,000 worth of nonmarital assets to the construction of the house. The funds were allegedly withdrawn from an account appellant had with Piper, Jaffray & Hopwood. Appellant claims that on September 25, 1979, he withdrew the funds from the Piper account, deposited them in a marital account at Midland Bank, and wrote a check to the housing contractor. The withdrawal did not appear in Piper's records until the next day, when the withdrawal was posted.

Respondent claims that the $60,000 in nonmarital funds was used not to pay the housing contractor but to pay off two notes: one in the amount of $45,000, the

other in the amount of $15,000. The trial court found that appellant had not adequately explained where the money had come from for the payment of the two notes. That and the fact that it appeared from Piper's records that the funds had not been withdrawn until the day after the check was written convinced the court that appellant had not sufficiently traced the $60,000 to a nonmarital source. Therefore, the value of the entire homestead was found to be a marital asset.

## 2. The Douglas Avenue Property

In 1964, appellant's parents gave him their interest in an apartment building located on Douglas Avenue in Minneapolis. At the time of the gift, the property had a fair market value of $90,929.73 and was subject to an outstanding mortgage of $61,735.42. The parties sold the property in 1975 for $147,500. The trial court found that the property was given only to appellant, but that most of the appreciated value of the property was the marital property of both parties because both participated in the management and upkeep of the property. Appellant claims this finding was erroneous because respondent did not actively participate in the management of the property. Appellant argues that the entire value of the property should be his nonmarital property.

## 3. Camera Business; Lease Sale; Hay Lake Property

Appellant's father owned a camera business called Gopher Camera. Appellant worked for his father, and respondent was the business's bookkeeper. Appellant's father agreed to give appellant an interest in the business if appellant increased the sales volume. Appellant succeeded in doing so, and in 1957, appellant's father gave appellant a one-half interest in the business, so the two became equal partners. The parties later purchased the remaining interest in the business from appellant's father.

Appellant claims his father gifted the business interest to him and that the busi-

ness interest thus constitutes part of appellant's nonmarital property. The trial court found that the business interest was marital property, not a nonmarital gift, because the transfer was made in consideration for appellant's efforts and ability to increase the camera business's sales volume.

Appellant leased from his mother the building in which Gopher Camera was located. In 1972, the parties sold the lease to IDS Properties for $200,000. Appellant claims that the proceeds from the sale of the lease are his nonmarital property because the lease ran only between him and his mother. The trial court found that the entire business was marital property and that the proceeds from the lease sale also were marital property.

In 1972, the parties purchased a lake cabin on Hay Lake for $16,500. All but $1000 of the purchase price came from the above-described lease sale. The trial court found the value of the cabin to be $105,000.

Appellant claims the cabin is his nonmarital property, which is consistent with his argument that the proceeds from the lease sale are his nonmarital property. The trial court found that the proceeds were marital property, and thus found the lake cabin is entirely marital property.

## 4. The Bloomington Avenue Property

In 1971, the parties purchased from appellant's parents an apartment building on Bloomington Avenue. The transaction included an agreement that appellant's parents would finance the purchase on a contract for deed. Between 1973 and 1978, the parents forgave portions of the debt owed them by the parties. The parties sold the property in 1977.

Appellant argues these gifts were made solely to him and constituted nonmarital property. The trial court found that the gifts of forgiveness were made to both parties because the gift partially discharged a marital debt and benefited both parties. Both parties were named on the contract for deed, and the payments on the contract were made from marital funds.

### 5. The Lake Ann Property

Appellant's father agreed to purchase farm property on Lake Ann, and the deal was to close in December 1976. Appellant's father breached the contract, however, and the seller successfully sued him for specific performance. The parties agreed to help appellant's father, agreeing to purchase the property in his stead. To raise the money, the parties contacted four friends who agreed to purchase the property jointly with the parties. Appellant claims that he used his nonmarital funds to pay the parties' share for the property. He therefore claims a portion of the value of the property is his nonmarital property. The trial court found that the property is marital.

### 6. The Park Place Property

In 1978, the parties purchased an apartment complex in St. Louis Park for $1.119 million. The trial court found that the apartment complex is now worth $1.6 million, leaving the parties with an equity of $866,502.14. Appellant claims the trial court's valuation is erroneous.

In calculating the value of the apartment complex, the trial court apparently relied on the testimony of respondent's expert witness. Appellant claims the witness was wrong because he failed to take into account several important factors, including the effect of the Deficit Reduction Act. Appellant claims that his own expert witness's testimony and valuation of $1.190 million was correct.

### 7. Attorney's Fees; Maintenance

The trial court awarded attorney's fees to respondent in the amount of $20,000 and reserved the power to award maintenance. Appellant claims that was error.

### ISSUES

1. Was the trial court's characterization of the parties' property clearly erroneous?

2. Was the trial court's valuation of the Park Place property clearly erroneous?

3. Did the trial court abuse its discretion in awarding attorney's fees and reserving the power to award maintenance?

### ANALYSIS

#### I.

■ The characterization of a type of property as marital or nonmarital is a question of law upon which an appellate court may exercise independent judgment. *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 175 (Minn.Ct.App.1984). The trial court, however, has broad discretion in the determination of underlying facts, and those findings of fact will be affirmed unless they are manifestly and palpably contrary to the evidence as a whole. *Kucera v. Kucera*, 275 Minn. 252, 254–55, 146 N.W.2d 181, 183 (1966).

#### A. The Homestead

■ Appellant claims that he contributed $60,000 worth of his nonmarital funds to the purchase of the parties' homestead. There is other credible evidence, however, that those funds were used to pay off notes upon which the parties owed $60,000. The trial court found that appellant had not overcome the presumption that the property was acquired with marital funds, so the property was deemed to be marital. Since the evidence supports this finding, we defer to the trial court's determination.

#### B. The Douglas Avenue Property

■ The trial court found that an apartment building, located on Douglas Avenue, given to appellant by his parents, had both marital and nonmarital characteristics. It is undisputed that the gift was given to appellant alone, which gives it nonmarital characteristics. *See* Minn.Stat. § 518.54, subd. 5 (1984) (property acquired during marriage is marital property unless it can be shown that the property was acquired as a gift, bequest, or inheritance made by a third party to one but not to the other spouse). The trial court concluded that appellant was entitled to a portion of the unpaid purchase price equal to the 32 per-

cent proportion his gifted interest ($29,194) bore to the original investment ($90,930). *See Schmitz v. Schmitz,* 309 N.W.2d 748 (Minn.1981).

Appellant asserts that appreciation of the Douglas Avenue property should not be considered part marital. He claims the appreciation should be treated no differently than passive appreciation of fully paid-for nonmarital assets, such as certain bonds and accounts briefly discussed in *Schmitz. Id.* at 750. The trial court disagreed, and correctly so.

There is no authority in Minnesota for nonmarital classification of an investment to include the portion financed during the marriage. *See Stroh v. Stroh,* 383 N.W.2d 402 (Minn.Ct.App., 1986). Appellant asserts that mortgage payments here came from the proceeds of rental of the property, not from other marital funds, and he contends that this income is not marital in the absence of more evidence that his wife's efforts produced the income.[1] We have previously considered and rejected this contention, holding that the *Schmitz* formula leads to the marital classification of income from a nonmarital investment. *See Pearson v. Pearson,* 363 N.W.2d 337, 339–40 (Minn.Ct.App.1985).

### C. Hay Lake Property

■ The trial court determined that the interest of appellant's father in Gopher Camera was given to the parties for consideration and was not a gift to appellant alone. This determination is substantiated in the evidence: it is undisputed that the appellant and his father concluded an agreement in which the father agreed to give to appellant half the business if appellant could increase the store's sales. Therefore, the finding is not palpably contrary to the evidence. *See Kucera,* 275 Minn. at 254–55, 146 N.W.2d at 183. The determination should stand.

■ The Hay Lake property was bought principally with funds from the lease sale.

Since these funds are marital property, the property purchased with them is marital property. *See* Minn.Stat. § 518.54, subd. 5.

### D. Bloomington Avenue Property

■ The trial court found that the partial forgiveness of the debt the parties owed to appellant's parents for the purchase of the Bloomington Avenue property was a marital asset. The forgiveness benefited both parties, and the parties used marital funds to pay the remaining indebtedness. These factors indicate that the forgiveness of the debt is marital property. The trial court's finding was not clearly erroneous.

### E. Lake Ann Property

Appellant claims that part of the funds used to acquire the Lake Ann property was his nonmarital property. The trial court found that appellant had not adequately traced the funds to a nonmarital source; thus, appellant failed to overcome the presumption that the property is a marital asset. *See* Minn.Stat. § 518.54, subd. 5. The appellant had only to prove by a preponderance of the evidence that the funds had come from a nonmarital source. *See Kottke v. Kottke,* 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Dec. 20, 1984). The record indicates that he failed to do so, and the trial court's determination must be affirmed.

### II.

Appellant claims the trial court erroneously adopted the figures of respondent's expert witness instead of his own in determining a value of the Park Place property owned by the parties. He claims the trial court relied upon the wrong factors in making the valuation.

■ A trial court need not be exact in the valuation of assets in a dissolution. *Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979). The assigned valuation must, however, come within a reasonable range

---

1. The trial court also found that both parties "actively participated in management" of the apartment rentals, and there is sufficient evidence of record to support that finding.

of figures. *Id.* Furthermore, the valuation will be affirmed if it falls within the limits of credible estimates made by competent witnesses, even if the valuation does not coincide with the estimate of any one of them. *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975).

The trial court adopted the valuation provided by respondent's expert witness. Appellant does not argue that the expert was not qualified to state a valuation. Therefore, the credentials of the expert are not an issue.

The trial court did not abuse its discretion in assigning a value to the Park Place property. The value assigned is within the limits of estimates made by the parties' witnesses. Therefore, the valuation will be affirmed. *See Hertz*, 304 Minn. at 145, 229 N.W.2d at 44.

### III.

Appellant claims that the trial court abused its discretion when it awarded attorney's fees to respondent. He claims the award was unnecessary because respondent was provided with sufficient property.

The trial court may in its discretion order one spouse in a dissolution case to pay the attorney's fees of the other. Minn.Stat. § 518.14 (1984). In determining whether an award of attorney's fees is proper, the court considers the parties' financial resources. *Id.* The trial court's awarding of attorney's fees will be reversed only upon a showing of a clear abuse of discretion. *Moberg v. Moberg*, 350 N.W.2d 421, 423 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Oct. 16, 1984).

The trial court did not err in awarding attorney's fees to respondent. Respondent was given a lesser amount of property than appellant, and she does not have the same capacity as appellant for producing income.

The trial court did not err in reserving jurisdiction over the issue of maintenance. The court has the power to reserve jurisdiction over maintenance "whether or not either spouse is entitled to an award of maintenance." Minn.Stat.

§ 518.55, subd. 1 (1984). The trial court has broad discretion over this issue, and in light of broad discretion and the statutory authority, there was no error. *See id.*

### DECISION

The trial court's findings supporting a determination that certain property held by the parties was marital property were not clearly erroneous, so they are affirmed. The trial court's valuation of property was within a reasonable range of figures, and the trial court did not err in awarding attorney's fees to respondent.

Affirmed.