**In re the Marriage of Lois Jane JOHNSON, Petitioner, Respondent,**

v.

**Jerry Charles JOHNSON, Appellant.**

**No. C4–85–2286.**

Court of Appeals of Minnesota.

June 3, 1986.

Jack S. Jaycox, Lisa E. Doering, Bloomington, for respondent.

Thomas E. Johnson, Burnsville, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Jerry C. Johnson challenges two trial court classifications of marital and nonmarital property. We affirm, concluding that the disputed determinations are in harmony with controlling law and adequately supported by evidence in the case.

## FACTS

The seven year marriage of the parties was dissolved in September 1985. This appeal deals with only two conclusions in the dissolution decree.

### Profit sharing plan

Appellant has been an employee of Quaker Oats Company since 1967. Among his employment benefits is a profit-sharing plan the trial court valued at $45,238.

Based on a finding that $36,380.57 accumulated in the plan after the parties married, the court determined this portion of the plan was marital property.

Appellant introduced evidence to show contributions after the marriage, together with growth of the plan based on those contributions, leading to the suggestion that $16,303.89 accumulated after the marriage represented growth on the balance of the plan at the time the couple married. He asserts that the marital portion of the plan is $20,076.68 ($36,380.57–$16,303.89).

### Snowmobiles

The trial court found that two snowmobiles were worth $1800 and were nonmarital assets of respondent Lois J. Johnson. Appellant disputes a finding that the snowmobiles were "acquired" as [respondent's] nonmarital assets."

The evidence shows three sources for funds used to purchase the snowmobiles. First, other snowmobiles were traded for the two presently owned by the couple. The trade-in snowmobiles were owned by respondent, and appellant said the trade-ins were worth $350.

Second, $1000 was spent on the snowmobiles from respondent's checking account. Five weeks before the check was drawn, respondent deposited in the same account a check for $1147.35, a payment of the no-fault insurance benefits for medical expenses incurred after respondent was injured in a 1979 auto accident. Evidence showed that the parties had already been reimbursed for these medical expenses under a health insurance plan.

Finally, some of the purchase price for the snowmobiles was paid in monthly installments over a four year period.

## ISSUES

1. Does nonmarital classification of appellant's profit-sharing plan extend to accumulations traced to the funds in the plan at the time of marriage?

2. Did the trial court err in classifying snowmobiles as respondent's nonmarital property?

## ANALYSIS

■ It is a question of law whether property is marital or nonmarital, and we exer-

cise independent judgment upon review of the trial court's classifications. *Van de Loo v. Van de Loo,* 346 N.W.2d 173, 175 (Minn.Ct.App.1984). However, we must defer to trial court findings on underlying facts, such as the resources used to acquire property. *Rosenberg v. Rosenberg,* 379 N.W.2d 580, 583 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Feb. 19, 1986). The findings can be set aside only if they are clearly erroneous. Minn.R.Civ.P. 52.01.

Under our statutes, property is nonmarital if it

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;

(b) is acquired before the marriage * *.

Minn.Stat. § 518.54, subd. 5(a), (b) (1984). ▪ Property acquired during marriage is presumed to be marital. Minn.Stat. § 518.54, subd. 5. Thus, a spouse claiming that property is nonmarital must prove the necessary underlying facts by a preponderance of the evidence. *Campion v. Campion,* 385 N.W.2d 1, 5 (Minn.Ct.App.1986). *See Stroh v. Stroh,* 383 N.W.2d 402, 407 (Minn.Ct.App.1986); Minn.Stat. § 518.54, subd. 5.

*Profit-sharing plan*

▪ Appellant is entitled to his premarital investment in a Quaker Oats Company profit-sharing plan, worth $8,857.43, together with any later growth of the plan shown to represent simple appreciation. *See Rosenberg,* 379 N.W.2d at 583; Minn. Stat. § 518.54, subd. 5(c) (property classified as nonmarital includes the increase in value of that property). The nonmarital classification of appreciation was first recognized by the supreme court in the case of a nonmarital homestead investment. *See Schmitz v. Schmitz,* 309 N.W.2d 748, 750 (Minn.1981).

Although the evidence shows growth of $36,380.57 in appellant's fund after the parties married, the trial court found that this portion of the plan was marital property. Implicit in this finding is a determination that this growth represented additional investments and earnings but not appreciation. Because appellant did not show that any part of the growth represented appreciation, this determination was not clearly erroneous.

Appellant also disputes whether all forms of growth through earnings constitutes marital property. *See Schmitz,* 309 N.W.2d at 750 (affirming a nonmarital classification of a savings account that had earned some undisclosed amount of interest).

We have held that income from a nonmarital investment is marital property. *See Campion,* 385 N.W.2d at 5 (apartment building rentals); *Rosenberg,* 379 N.W.2d at 583 (the recognized part of stock value attributed to earnings of the stockholder); *Pearson v. Pearson,* 363 N.W.2d 337, 339 (Minn.Ct.App.1985) (applying the rule to farm land rentals); *Linderman v. Linderman,* 364 N.W.2d 872, 876–77 (Minn.Ct. App.1985) (farm land rentals).

Appellant asks us to confine *Pearson* and its progeny to income shown to be "separate and apart from any increase in the asset's value." He contends this approach would account for the nonmarital handling of indistinct interest in a savings account, as in *Schmitz,* 309 N.W.2d at 750. *See Ranik v. Ranik,* 383 N.W.2d 431, 435 (Minn.Ct.App.1986) (explaining nonmarital handling of a $14,000 account, the remnant of a $21,000 inheritance, while recognizing that undisclosed amounts of interest earnings were part of the account balance).

We reaffirm the distinction in *Pearson* between appreciation in value and the income produced by an investment. *See Pearson,* 363 N.W.2d at 339. Marital judgment governs decisions for spending or saving income of a couple, and there is no rational basis for distinguishing the effects of that judgment on income from different sources.

Beneath the surface of appellant's approach to the *Pearson* standard is a disavowal of his burden of proof on the issue. *See Campion,* 385 N.W.2d at 5. Unlike the circumstances in *Schmitz* and *Ranik,* the evidence here identified the amount of

growth of the original nonmarital investment. Unless it was shown that some part of this growth represented appreciation, the trial court acted properly in presuming the growth was marital property under the holdings in *Pearson, Linderman, Rosenberg,* and *Campion.*

██ Respondent Lois Johnson contends that any appreciation of appellant's premarital investment can be disregarded in any event because it was commingled with marital contributions and income earned on all contributions to the plan. This argument also has merit. Upon the commingling of nonmarital and marital property, the nonmarital investment loses that character unless it can be readily traced. *Kottke v. Kottke,* 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984). Again the analysis comes down to a matter of appellant's burden of proof, and he failed here to satisfactorily identify nonmarital appreciation.

*Snowmobiles*

██ The arguments on appeal regarding two snowmobiles go into detail on the payment pattern that demand an analysis far more exhaustive than is justified by the significance of the items. They were purchased on a trade-in of similar nonmarital items, and a major part of the payment came from insurance proceeds that respondent had some cause to treat as her own. We are satisfied the trial court did not err in its findings or conclusion on the classification of these items.

## DECISION

The trial court's classification of a profit-sharing plan and two snowmobiles is supported by the evidence and controlling rules of law.

Affirmed.