**In re the Marriage of Yvonne B. MOORE, Petitioner, Appellant,**

v.

**John M. MOORE, Respondent.**

**No. C7–86–106.**

Court of Appeals of Minnesota.

July 29, 1986.

James J. Agan, Burnsville, for appellant.

John M. James, Minneapolis, for respondent.

Heard, considered and decided by PARKER, WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a dissolution judgment and decree. Appellant Yvonne Moore challenges several aspects of the property division. We affirm in part, reverse in part and remand.

## FACTS

The parties were married in 1961. During their marriage, they established a joint stock account. In August 1983, appellant discovered that respondent had made substantial withdrawals from the account. When appellant learned of the withdrawals, she withdrew funds for her own use and then filed for legal separation. The trial court found the balance of the account at the time of trial was $97,974.

Appellant testified that she suspected respondent had secreted the withdrawn funds for his own purposes. Respondent testified that he had used the money to pay for marital expenses, including taxes, loan repayment, and family vacations. Respondent introduced canceled checks to support his position.

The parties held several interest-bearing debentures in a Canadian bank account. The debentures were purchased with royalties from respondent's nonmarital stock. The trial court concluded that the account, valued at $33,100 was respondent's nonmarital asset.

The trial court divided the parties' major assets nearly equally. Each party was awarded his or her nonmarital property.

## ISSUE

Did the trial court abuse its discretion in valuation and division of marital property?

## ANALYSIS

We reject appellant's argument that the trial court should have included the amount withdrawn from the joint stock account in the property division. The trial court found the funds were not withdrawn to dissipate assets and the withdrawals were not made in anticipation of dissolution. The trial court relied on *Bollenbach v. Bollenbach*, 285 Minn. 418, 175 N.W.2d 148 (1970), which states:

> A party to a marriage subject to severance in divorce proceedings cannot be permitted to subvert the orderly processes of the courts by concealing, dissipating, or misusing his assets *in anticipation of divorce* so as to reduce the property available for division or as a standard for the court in fixing payments for alimony or support.

*Id.* at 428, 175 N.W.2d at 155 (footnote omitted) (emphasis added).

The withdrawals from the joint stock account took place over the course of several years prior to institution of this dissolution action. Moreover, respondent introduced canceled checks to show that the money was used for marital expenses. The trial court did not clearly err in concluding that

the withdrawals were not made to dissipate assets in anticipation of dissolution.

 We agree with appellant that the trial court erred in characterizing the Canadian bank account as respondent's nonmarital property. Respondent testified that the account consisted of royalties or dividends paid on nonmarital stock. Appellant concedes that the stock is nonmarital, but argues that the income generated by the stock is marital.

This court recently noted the distinction between appreciation in value of a nonmarital asset and generation of income by a nonmarital asset. *See Johnson v. Johnson*, 388 N.W.2d 47 (Minn.Ct.App.1986). Appreciation is characterized as nonmarital. *See Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981). On the other hand, income from a nonmarital asset is marital property. *See Campion v. Campion*, 385 N.W.2d 1 (Minn.Ct.App.1986) (rental income from apartment building); *Rosenberg v. Rosenberg*, 379 N.W.2d 580 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. Feb. 19, 1986) (proceeds from sale of stock not attributable to appreciation); *Linderman v. Linderman*, 364 N.W.2d 872 (Minn.Ct. App.1985) (farm land rental income); *Pearson v. Pearson*, 363 N.W.2d 337 (Minn.Ct. App.1985) (farm land rental income). Because the Canadian bank account represents income from a nonmarital asset, the trial court erred in characterizing it as respondent's nonmarital property.

The other issues raised by appellant are without merit and we do not discuss them here.

### DECISION

The trial court erred in characterizing the Canadian bank account as respondent's nonmarital property. On remand, the court shall make an equitable disposition of the $33,100 account, considering it is valued in Canadian dollars, not American currency. The trial court did not clearly err in characterizing and valuing other property or in dividing the property.

Affirmed in part, reversed in part and remanded.