In re the Marriage of Barbara Anna SCHOLLE, Petitioner, Respondent,

v.

Mark SCHOLLE, Appellant.

No. C8–87–173.

Court of Appeals of Minnesota.

Sept. 15, 1987.

Robert W. Due, Bloomington, for respondent.

Theodore P. Wangensteen, Jr., Minnetonka, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and MULALLY,\* JJ.

\* Acting as judge of the Court of Appeals by ap-

## OPINION

MULALLY, Judge.

Mark Scholle appeals the trial court's judgment and decree of dissolution, and an order denying his motion for a new trial.

## FACTS

Mark and Barbara Scholle were married on May 13, 1972. At that time, Mark Scholle was a partner in the law firm of Scholle, Schweiger and Scholle.

Appellant claims his interest in the law firm in 1972 was 50%, and that his father held the other 50% interest. The expert witness testifying on Mark's behalf determined that, according to the 1972 partnership tax return, Mark's ownership of the firm was only 29.70%, worth $8,167. After two members left, the firm became Scholle & Scholle. In 1984, the corporation purchased Mark's father's interest in the firm for $12,000. Mark's share in the corporation increased, although he contributed no additional capital.

In 1976, the parties purchased a home. Barbara contributed $5,000 of the $5,500 downpayment from a nonmarital personal injury settlement. The money had been invested in two passbook accounts earning 5¼% and 5¾%. The parties signed an agreement, by which, in case the parties divorced, Barbara was to receive the $5,000, plus interest at the rate the money would have earned if kept in an account. Barbara was represented by an attorney in this matter. Mark represented himself.

In June, 1981, Mark and Barbara separated. Barbara moved out of the house, and Mark retained possession of the homestead and furnishings. Barbara kept some of her things in the parties' house, and stopped there occasionally to pick things up or drop things off. In 1985, Barbara briefly lived with Mark. During the separation, the parties vacationed together, attended class reunions together, celebrated birthdays and anniversaries together, and at-

pointment pursuant to Minn. Const. art. 6, § 2.

tended counseling sessions together. Barbara petitioned for dissolution on June 11, 1985.

The matter came to trial in August 1986. Mark's expert admitted the partnership's cash and accounts receivable from 1972 have been consumed, and would be very difficult to trace. The partnership's furniture and equipment, valued at $16,699, had been depreciated. Mark's expert admitted that these and other assets had not been traced.

Mark's expert found his ownership share in the firm in July 1986 to be 60%, worth $56,125, subject to some discount on the basis of collectibility. Barbara's expert valued Mark's share in July 1985 at $70,163. The trial court accepted the more recent valuation of Mark's expert, and made adjustments for the additional receivables and work in progress. The court found Mark's 60% share was worth $56,000. The trial court found that in 1972, Mark had a 29.7% share in the partnership of Scholle, Schweiger & Scholle, valued at $8,167. The court found, however, that appellant failed to trace this interest to a corresponding interest and increase in value in the present corporation.

## ISSUES

1. Did appellant Mark Scholle prove that his present interest in the law firm Scholle and Scholle is nonmarital?

2. Did the trial court err by calculating respondent's nonmarital contribution to the parties' home in accordance with the parties' written agreement?

3. Did the trial court improperly fail to consider the relative contributions of the parties in the acquisition and preservation of property during the time the parties were separated?

4. Did the trial court abuse its discretion by awarding respondent the furniture in her possession at the time of the dissolution?

5. Did the trial court abuse its discretion by denying appellant's motion for the

admission of new evidence under Minn.R. Civ.P. 60.02, for amended findings under Minn.R.Civ.P. 52.02, or for a new trial under Minn.R.Civ.P. 59.01?

6. Is respondent entitled to costs, attorney fees and disbursements under Minn. Stat. §§ 518.14 and 549.21 (1986)?

## ANALYSIS

### I.

*Appellant's nonmarital law firm interest*

Appellant challenges the trial court's finding, that he failed to trace his nonmarital interest in the law firm from the partnership through the corporation, and that his entire interest in Scholle & Scholle, Ltd. is marital.

Minn.Stat. § 518.54, subd. 5 (1986) defines marital property as

property * * * acquired by the parties, or either of them, to a dissolution, legal separation, or annulment proceeding at any time during the existence of the marriage relation between them * * *.

■ The party seeking to establish the nonmarital character of an asset has the burden of proof. *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 177 (Minn.Ct.App. 1984). This proof must be by preponderance of the evidence. *Cummings v. Cummings*, 376 N.W.2d 726, 731 (Minn.Ct.App. 1985).

■ Here, the trial court found no partnership agreement or other reliable evidence was introduced to verify appellant's claimed 50% ownership of Scholle, Schweiger & Scholle at the time of the marriage. The accountant testifying for appellant found no evidence appellant had ever been a 50% partner in the firm. Relying on the firm's 1972 partnership tax return, the trial court specifically found appellant held a 29.7% interest in the firm in 1972. The trial court found that appellant did not sufficiently trace that ownership to a

present share of 60% in the corporation. We agree.

Appellant claims that to find he did not adequately trace his partnership interest, the trial court had to ignore numerous financial statements. Appellant submitted partnership financial statement and tax return for 1972, the monthly financial statements for 1981, the corporate books for the present entity, the stock redemption agreement pertaining to the firm's purchase of the interest of appellant's father, the corporate tax returns through 1985, and the corporate financial statements for 1985 and 1986. These items of evidence, claims appellant, adequately trace his interest.

However, it is significant that appellant's expert witness admitted on cross examination that the cash and accounts receivable owned by the partnership in 1972 had been consumed, and would be very difficult to trace. When questioned whether any efforts had been made to trace the furniture or equipment the firm owned in 1972, appellant's expert stated: "They haven't but they can." He admitted the make-up of the assets of the two entities, the partnership and the corporation, was different.

Unless it is shown that some part of the growth of nonmarital property during the marriage represents appreciation, the trial court acts properly when it presumes the growth is marital property. *Johnson v. Johnson*, 388 N.W.2d 47, 50 (Minn.Ct.App. 1986). Here, there was no asset that enabled the law firm to grow. The trial court properly concluded that appellant did not adequately trace his nonmarital interest in the firm through the changes that resulted in a completely new entity.

Even if appellant had succeeded in tracing a nonmarital interest, since appellant's interest in the firm was at least partially marital, a portion of its growth was the result of his marital efforts. The law firm's purchase of appellant's father's share of stock diluted any nonmarital interest appellant may have had. *See Hoffa v. Hoffa*, 382 N.W.2d 522 (Minn.Ct.App.1986). In *Hoffa*, this court upheld the trial court's

finding that appellant's interest in a sole proprietorship was marital, although a portion of his initial investment had been from nonmarital assets. This court held the appellant's purchase of his father's interest in the corporation "further diluted any nonmarital portion that might have remained." *Id.* at 526.

## II.

*Respondent's nonmarital share in homestead*

When the parties purchased their home, respondent agreed to contribute $5,000 of her nonmarital money to the downpayment. The parties executed a written agreement, that respondent would, in case of divorce, recover her nonmarital interest together with the interest it would have earned had the money remained in a passbook savings account. The trial court awarded respondent $8,500, the amount the court found respondent would have had at the time of trial had she kept the money in a passbook account at 5½% interest.

■ The trial court has broad discretion with respect to property settlements, and will be reversed only for clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 609 (Minn.1977).

■ Generally, a party's nonmarital interest in the home at the time of dissolution is the proportion the nonmarital interest bore to the purchase price, multiplied by the present value of the house. *Schmitz v. Schmitz*, 309 N.W.2d 748, 750 (Minn.1981). Here the trial court found that although it was not required to enforce the parties' agreement, "in this case the recognition of that agreement would result in a just and equitable distribution of property." The value at which the trial court arrived was about $1,200 greater than it would have been had the *Schmitz* formula been applied.

This was well within the trial court's wide discretion. *See Schmitz*, 309 N.W.2d

at 750 (trial court's failure to apply correct formula was not reversible error, where court arrived at a figure that was off by a little less than $1,000).

### III.

*Contributions of the parties*

■ Appellant contends the trial court erred by failing to make findings on the precise contribution of the parties to the acquisition, preservation or appreciation of the marital property under Minn.Stat. § 518.58 (1986).

Section 518.58 requires findings on a number of factors, but requires only that the court "also consider the contribution" of the parties. Great deference is given to the trial court's determinations in dividing property under section 518.58. *Bollenbach v. Bollenbach,* 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970). The statute does not require findings that both parties made equal contributions to the acquisition or preservation of property; it merely requires the trial court to consider the parties' contribution.

Here the trial court found the property in question was acquired by one or both of the parties during the marriage, and is therefore marital property under section 518.58. *See Rohling v. Rohling,* 379 N.W.2d 519 (Minn.1986). In arriving at an equitable distribution, the trial court did not have to specifically find who contributed how much to items acquired, repaired or improved at various times during the marriage.

### IV.

*Division of furniture*

■ Appellant claims the trial court erred when it awarded respondent furniture she removed from the parties' homestead without appellant's permission. The furniture had been purchased prior to the parties' separation, and appellant made the bulk of the payments after the separation.

Appellant had completely paid for the furniture at the time of the dissolution. The furniture payments were made from appellant's income earned during the marriage. Additionally, appellant agreed to pay rent for furniture respondent needed for her new home.

The court found the furniture, appliances and other personal property in appellant's possession at the time of trial was worth $7,645.50, and that in respondent's possession was worth $7,678.50. The court found that this distribution of property is equitable, and awarded the parties the furniture in their possession. This division is well within the trial court's discretion.

### V.

*Appellant's post-trial motions*

■ Appellant claims the trial court should have accepted his proposed exhibits 52 through 65, with which he sought to supplement the record after the entry of judgment. Appellant moved the trial court to permit supplementation of the record under Minn.R.Civ.P. 60.02, and make amended findings under Minn.R.Civ.P. 52.-02, or to vacate the judgment and order a new trial under Minn.R.Civ.P. 59.01.

Appellant sought to introduce additional evidence consisting of financial statements and other records of the law firm. These records were in appellant's control at the time of trial, and were allegedly not introduced due to "excusable neglect," and to avoid overburdening the trial court with unnecessary evidence.

A trial court's decision on a motion under Minn.R.Civ.P. 60.02 will not be reversed absent an abuse of discretion. *WGSH, Inc. v. Bollinger,* 384 N.W.2d 592, 594 (Minn.Ct. App.1986) (citing *Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d 712, 715 (Minn.1980). Here, the trial court found the issues appellant raised in his motion had been fully considered when the court made its findings of fact, conclusions of law and order for judgment.

Appellant also contends he has newly discovered evidence of additional assets of respondent, consisting of 1983 bank statements. Appellant does not explain the relevance of evidence that respondent had these accounts in 1983. The trial court did not abuse its discretion by denying the motion.

## VI.

*Costs*

■ Respondent seeks costs, disbursements and attorney fees under Minn.Stat. §§ 518.14 and 549.21 (1986). The trial court awarded respondent $3,000 of over $14,000 legal expenses she claimed. Respondent now claims she is entitled to reimbursement for $5,190.38 legal fees she incurred in connection with this appeal.

Section 549.21 provides for the payment of costs and attorney fees when an action has been brought in bad faith or is frivolous. That is not the case here. Appellant took a legitimate position on valid issues, and cannot be considered to have brought a vexatious appeal. *See Shandorf v. Shandorf,* 401 N.W.2d 439 (Minn.Ct.App. 1987).

Costs under section 518.14 may be awarded on appeal at the discretion of the court. *Solon v. Solon,* 255 N.W.2d 395 (Minn.1977). Respondent has not shown appellant is better able to pay these expenses than is respondent. We deny the motion for costs on appeal.

## DECISION

The trial court did not err by finding appellant failed to trace his nonmarital interest in the law firm. The trial court did not err by considering the parties' agreement that respondent would receive her nonmarital contribution plus the interest the money would have earned had it been invested in a passbook account at 5½% interest. The trial court did not err by failing to make specific findings as to the parties' contributions to the acquisition and preservation of property. The trial court acted within its discretion when it awarded each party furniture of approximately equal value. The trial court acted within its discretion when it denied appellant's motion to supplement the record. Respondent's motion for attorney fees and costs on appeal is denied.

Affirmed. Motion for fees denied.