**In re the Marriage of Daniel J. BEESON, Petitioner, Respondent,**

v.

**Rose Marie BEESON, Appellant.**

**No. C8-88-2273.**

Court of Appeals of Minnesota.

Dec. 13, 1988.

Patrick A. Mazorol, Eden Prairie, for respondent.

Nancy L. Ponto, St. Paul, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and NIERENGARTEN and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The parties' marriage was dissolved by judgment entered April 15, 1988. Subsequently, appellant moved for amended findings. By order dated June 21, 1988, the trial court denied appellant's motion, but directed an amendment to correct an uncontested error in the calculation of child support. On October 28, 1988, an amended judgment was entered correcting the support award.

On October 31, 1988, appellant filed this appeal seeking review of the October 28 amended judgment. This court questioned jurisdiction and directed the parties to file memoranda on whether the issues raised on appeal are reviewable in the appeal from the October 28 amended judgment.

### DECISION

■ After the time to appeal an original judgment has expired, an issue decided in that judgment, which is not later amended or modified, may not be raised on appeal from an amended judgment. *Dennis Frandsen & Co. v. Kanabec County*, 306 N.W.2d 566, 570 (Minn.1981) (party having failed to appeal a first judgment is bound by determination left undisturbed by amendments); *Swartwoudt v. Swartwoudt*, 349 N.W.2d 600, 602 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Sept. 12, 1984) (issues from original judgment are reviewable on appeal from amended judgment *only* if appeal could not be taken before modification).

■ Appellant raises three issues on appeal which concern attorney fees, child custody, and spousal maintenance. Appellant failed to timely appeal from the original April 15 judgment and the October 28 amended judgment did not amend or modify those issues. Therefore the issues do not fall within this court's scope of review in the appeal from the October 28 amended judgment. *Id.*

■ Since appellant's post-trial motion failed to include a motion for a new trial, appellant was required to timely appeal from the original judgment. The June 21 order denying appellant's motion for amended findings was not appealable. *Kempf v. Kempf*, 287 Minn. 529, 177 N.W.2d 40 (1970). It is important for parties to carefully draft post-trial motions, and when there has been a trial, to include a specific motion for a new trial, or numerous problems may occur. *See generally Amatuzio v. Amatuzio*, 431 N.W.2d 588 (Minn.Ct.App.1988).

APPEAL DISMISSED.