**In Re the Marriage of Joyce Louise BURWELL, Appellant,**

v.

**John Rollins BURWELL, Respondent.**

No. C9–88–1942.

Court of Appeals of Minnesota.

Dec. 27, 1988.

---

J. Richard Baldwin, Webster & Baldwin, St. Paul, for appellant.

Louis M. Reidenberg, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ. without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The marriage of the parties was dissolved in January 1988. No appeal was taken from the January 15, 1988 dissolution judgment, which valued a business, denied spousal maintenance, and divided the property of the parties. Post–trial motions were decided by order dated May 17, 1988. The court amended two specific findings and three conclusions of law, denied all other motions, and directed entry of an amended judgment. An amended judg-ment was entered on June 20, 1988. Appellant's motion for amended findings was denied by order dated June 24, 1988.

This appeal was taken from the June 20 amended judgment. Respondent moves to dismiss the appeal as untimely taken. The basis for the motion is not clear; respondent asserts that a judgment must be appealed within 30 days after entry, although Minn.R.Civ.App.P. 104.01 clearly permits *90* days for such an appeal. In addition, respondent claims the failure to appeal the original judgment bars an appeal from the amended judgment. In fact, the question is more properly one of this court's scope of review than one of jurisdiction.

1. The motion to dismiss was served by mail on November 8. Because service was accomplished by mail, three days are added to the five days generally permitted for responding to a motion. Minn.R.Civ.App.P. 125.03; 127. The last day to serve and file a response was therefore November 16, eight days after the motion was served. No response was timely submitted.

A response, dated November 23, was received by the Clerk of the Appellate Courts on November 28. The accompanying affidavit claimed the response was served on *October* 23, more than two weeks before the motion was served. Appellant's counsel is cautioned to more carefully observe applicable time limitations for processing this appeal and to insure the accuracy of sworn affidavits submitted to this court.

2. On appeal from an amended judgment, this court may not review issues decided in the original judgment and not thereafter amended. *Dennis Frandsen & Co. v. Kanabec County*, 306 N.W.2d 566, 570 (Minn.1981) (party who failed to appeal first judgment is bound by determinations left undisturbed by amendment); *Beeson v. Beeson*, 432 N.W.2d 501 (Minn.Ct.App. 1988). Issues decided in the original judgment are reviewable on appeal from the amended judgment only if those issues could not have been appealed prior to modification. *Swartwoudt v. Swartwoudt*, 349 N.W.2d 600, 602 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Sept. 12, 1984).

Appellant's statement of the case indicates she intends to challenge the valuation of the corporation and the denial of maintenance. Both issues were decided in the initial judgment, although the value of the corporation was further reduced in the amended judgment. That *reduction* in valuation is properly before this court, as are the other amendments made in the May 17 order and incorporated in the amended judgment. However, all issues determined in the original judgment and not modified are final and may not be raised on this appeal from the amended judgment.

Motion to dismiss appeal denied.