**In re The Marriage of Joyce Louise BURWELL, Appellant,**

v.

**John Rollins BURWELL, Respondent.**

**No. C9–88–1942.**

Court of Appeals of Minnesota.

April 18, 1989.

Scott Richard Suter, Richard Baldwin, Webster & Baldwin, P.A., St. Paul, for appellant.

Louis M. Reidenberg, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and CRIPPEN and IRVINE,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant contends the issue of spousal maintenance was properly preserved for appeal from an amended judgment modifying the property award. Appellant also contends the trial court erred in its valua-

tion of a business asset. We affirm the trial court and conclude that the issue of spousal maintenance is not within this court's scope of review.

## FACTS

In a January 1988 dissolution decree, the trial court awarded appellant Joyce Burwell a net property settlement of $1.5 million. The court made no award of spousal maintenance. Following post-trial motions brought by both parties, the trial court reopened the judgment and heard additional testimony. In May 1988, the trial court ordered an amended judgment reducing by $107,000 appellant's overall property award. This decrease was made in conjunction with amended findings to lower by $214,000 the value of the business asset awarded to respondent.

Immediately after the trial court's alteration of the property award, appellant filed a motion seeking maintenance. This motion was denied. Appellant then sought appellate review of the June 1988 amended judgment. Respondent brought a motion to dismiss that was subsequently denied by this court. This court stated *inter alia:*

> [The] *reduction* in valuation is properly before this court, as are the other amendments made in the May 17 order and incorporated in the amended judgment. However all issues determined in the original judgment and not modified are final and may not be raised on this appeal from the amended judgment.

*Burwell v. Burwell,* 433 N.W.2d 155, 157 (Minn.Ct.App.1988).

## ISSUES

1. Did appellant properly preserve the issue of maintenance on appeal?

2. Did the evidence support the trial court's valuation of the property?

## ANALYSIS

■ 1. Appellant contends that when the trial court amended the property value it also altered the issue of maintenance

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

because the two issues are interrelated. The adequacy of a property award is a consideration in a maintenance determination. Minn.Stat. § 518.552, subd. 1(a) (1988).

An issue determined in an original judgment, not later modified or amended, cannot be raised on appeal from an amended judgment. *Beeson v. Beeson,* 432 N.W.2d 501, 502 (Minn.Ct.App.1988) (citing *Dennis Frandsen & Co. v. Kanabec County,* 306 N.W.2d 566, 570 (Minn.1981)). There is no rule or precedent permitting review of spousal maintenance on appeal from an amended judgment without first submitting a proper post-trial motion on that issue. Although a post-trial decrease in a property award may affect a spouse's need for increased maintenance, it is the burden of the party opposing the reduction to anticipate the court's decision and to submit an appropriate motion. We reject appellant's contention that she was unable to determine her need for spousal maintenance prior to the amended judgment.

 2. Appellant contends the trial court abused its discretion in reducing the value of the family business. Upon review it is this court's function to determine whether the trial court clearly erred in its valuation. *See Campion v. Campion,* 385 N.W.2d 1, 5 (Minn.Ct.App.1986). A trial court "need not be exact in the valuation of assets in a dissolution." *Id.* However, the valuation must represent a reasonable amount. *Id.* at 5–6; *Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979). The court's valuation will be upheld even if it does not coincide with an estimate made by any one of the competent witnesses, as long as it falls within the range of credible estimates offered by them. *Campion,* 385 N.W.2d at 6 (citing *Hertz v. Hertz,* 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975)).

The trial court did not err in choosing to adopt the capitalization of earnings approach as used by respondent's expert to value the business. *See Nelson v. Nelson,* 411 N.W.2d 868 (Minn.Ct.App.1987); *Robinson v. Robinson,* 355 N.W.2d 737, 740 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 4, 1985). The court's valuation

of the business asset was not clearly erroneous.

Similarly, there was evidence on the record to support the trial court's finding that the business salaries and expenses were reasonable. The court was within its discretion in accepting the testimony of respondent's expert. *See City of New Prague, County of Scott v. Hendricks,* 286 N.W.2d 696, 701–02 (Minn.1979).

## DECISION

We affirm the trial court's valuation and division of property. The bulk of appellant's briefs and argument was directed at an issue not properly presented for appeal. Moreover, because this occurred in spite of a direct order from this court eliminating the issue of spousal maintenance on appeal, we award attorney fees of $500 to respondent. Minn.Stat. § 549.21, subd. 2 (1988).

Affirmed.