**Richard W. GRAUPMANN, et al., Appellants,**

v.

**RENTAL EQUIPMENT AND SALES COMPANY, et al., Respondents.**

No. C9–88–2377.

Court of Appeals of Minnesota.

April 25, 1989.

See also 425 N.W.2d 861.

John M. Steele, Minneapolis, for appellants.

Don Day, Minneapolis, for respondents.

Heard, considered and decided by LANSING, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

This appeal is from a judgment entered by the trial court granting summary judgment in favor of respondents and dismissing appellants' complaint with prejudice.

## FACTS

In February 1985, appellants Richard W. Graupmann and Mavis D. Graupmann (the Graupmanns) brought an action in Henne-

pin County for personal injuries Mr. Graupmann sustained when he was run over by a rental truck he was operating. Respondent Rental Equipment and Sales Company and John Doe were named as defendants. In April 1986, the district court sent notice to the parties of record stating that unless a note of issue/certificate of readiness was filed or a motion for a continuance made, the action would be dismissed on July 1, 1986, pursuant to Hennepin County Chief Judge Patrick Fitzgerald's April 10, 1985 order (subsequently codified as Fourth Jud. Dist.Spec.R. 4.03). As no note of issue/certificate of readiness was filed nor a motion for a continuance made, a July 2, 1986 order for dismissal was issued. Thereafter, counsel for the Graupmanns brought a motion to vacate the dismissal claiming he had inadvertently misfiled the April 1986 notice. By order dated September 19, 1986, the district court denied his motion to vacate and ordered that the judgment of dismissal be entered with prejudice. Following the entry of judgment on October 1, 1986, the Graupmanns brought a motion to vacate the September 19 order. The district court denied their motion by order filed on November 25, 1986. Subsequently, the Graupmanns attempted to appeal the September 19 order and the November 25 order, but their appeal was dismissed by order of this court dated January 29, 1987 as being untimely and from a nonappealable order.

On March 5, 1987, the Graupmanns filed a second complaint in Hennepin County District Court. This action bore the same title caption as the original action, except that the defendant John Doe was now named as defendant Thomas McKasy. Respondents moved for summary judgment. By order dated April 27, 1988, the court determined that the second suit was barred by the doctrine of res judicata. The court granted respondent's motion and dismissed the Graupmanns' complaint with prejudice. The Graupmanns appeal the judgment of dismissal.

## ISSUES

1. Did the trial court err in granting summary judgment in favor of respondents and dismissing appellants' complaint?

2. Are respondents entitled to appellate attorney fees and costs pursuant to Minn. Stat. § 549.21, subd. 2 (1988) and Minn.R. Civ.P. 11?

## ANALYSIS

The Graupmanns properly appeal, pursuant to Minn.R.Civ.App.P. 103.03(a), from the judgment entered on August 18, 1988. We do not review the propriety of the judgment entered on October 1, 1986.

### I.

On appeal from a summary judgment, it is the reviewing court's function to determine only (1) whether there are any genuine issues of material fact and (2) whether the district court properly interpreted and applied the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979). The district court's determination that there are no issues of material fact is not contested. This court must only decide whether the district court correctly applied the law. *See Mahoney v. Mahoney*, 433 N.W.2d 115, 117 (Minn.Ct.App.1988) *pet. for rev. denied* (Minn. Feb. 10, 1989) (an appellate court is not bound by the ultimate legal conclusions of a trial court).

The Graupmanns contend that the trial court erred in dismissing their second action. The Graupmanns argue that they are not barred from bringing another action for the personal injuries sustained by Mr. Graupmann because the statute of limitations has not expired, their first action "did not result in [a] judgment on the *merits*," and April 10, 1985 order of the district court is unconstitutional.

A court may on its own motion dismiss an action for failure to prosecute or to comply with the Rules of Civil Procedure or any order of the court. Minn.R.Civ.P. 41.02(1) (1988). Unless the court in its order for dismissal specifies otherwise, a dismissal under Rule 41.02 operates as an adjudication on the merits. Minn.R.Civ.P. 41.02(3). *See also Berks v. Fine*, 409 N.W. 2d 76, 77–78 (Minn.Ct.App.1987) (discussing

Minn.R.Civ.P. 41.02 and Fourth Jud.Dist. Spec.R. 4.03). "A judgment on the merits constitutes an absolute bar to a second action for the same cause of action, and is conclusive between parties and privies * * *." *Mattsen v. Packman,* 358 N.W.2d 48, 49 (Minn.1984) (cited in *H.J., Inc. v. Northwestern Bell Corp.,* 420 N.W.2d 673, 677 (Minn.Ct.App.1988) *pet. for rev. denied* (Minn. May 16, 1988)). The Graupmanns concede that their second action is "identical to the first in all respects."

We conclude that the trial court did not err in determining that the October 1, 1986, judgment of dismissal operated as an adjudication on the merits.

The Graupmanns attempt to collaterally attack the validity of the October 1, 1986 judgment by claiming that it was entered pursuant to an allegedly unconstitutional order. However, the Graupmanns failed to timely challenge that judgment by direct appeal. *See* Minn.R.Civ.App.P. 104.01, Comment (if an appeal is not perfected within 90 days after entry of the judgment, the judgment "becomes final and is not subject to later review").

The Graupmanns failed to pursue their first action before it was dismissed and failed to timely and properly perfect an appeal from the October 1, 1986 judgment. The district court did not err in granting summary judgment in favor of respondents and in dismissing the Graupmanns' second action.

## II

■ Respondents seek appellate attorney fees and costs pursuant to Minn.Stat. § 549.21, subd. 2 (1988) and Minn.R.Civ.P. 11. However, respondents have not established that the Graupmanns' appeal was brought in bad faith. *See Scholle v. Scholle,* 411 N.W.2d 912, 917 (Minn.Ct.App. 1987) (court denied appellate award of attorneys fees where bad faith was not shown). Additionally, although we rule against the Graupmanns on their appeal, we cannot characterize their appeal as frivolous. Consequently, respondent's motion for an award of appellate attorney fees is denied.

## DECISION

The trial court correctly granted summary judgment and dismissed appellants' second complaint.

Affirmed.