Bruce F. GECKLER, Appellant,

v.

Stephen E. SAMUELSON, Respondent.

No. C0–89–415.

Court of Appeals of Minnesota.

April 25, 1989.

Bernard M. Dusich, Hastings, for appellant.

Richard N. Newcome, St. Paul, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NIERENGARTEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant Bruce Geckler sued respondent Stephen Samuelson for personal injuries arising out of an automobile accident. A jury determined Samuelson was 90 percent at fault and Geckler was 10 percent at fault and awarded Geckler $47,655. The trial court reduced the award for Geckler's fault and deducted no-fault benefits previously paid. *See* Minn.Stat. § 65B.51, subd. 1 (1986). On November 14, 1988, a judgment was entered against Samuelson for $29,613.62 together with interest, costs and disbursements.

Geckler subsequently moved to amend the judgment, claiming the trial court had miscalculated the no-fault deduction. Geckler also sought prejudgment interest, costs, and disbursements.

By order for amended judgment filed on December 5, 1988, the trial court corrected a mathematical error (increasing the amount owed to Geckler by $90), and awarded Geckler $245.85 in prejudgment interest and $1,638 costs and disbursements. The trial court did not modify the deduction for no-fault benefits contained in the original judgment. An amended judgment was entered on December 5, 1988.

On March 6, 1989, Geckler appealed from the December 5, 1988 amended order for judgment. He failed to file a statement of the case in compliance with the rules. This court questioned jurisdiction. Geckler now claims the appeal is from the December 5, 1988 order *and* the amended judgment.

## DECISION

■ The December 5, 1988 order for judgment is not appealable. *Swicker v. Ryan,* 346 N.W.2d 367, 368 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. June 12, 1984). To the extent that the December 5, 1988 order denied appellant's motion to amend the original judgment, the order is also not appealable. *See Angelos v. Angelos,* 367 N.W.2d 518, 519 (Minn.1985); *Kempf v. Kempf,* 287 Minn. 529, 177 N.W. 2d 40 (1970).

■ Even if this court liberally construes appellant's notice of appeal as seeking review of the December 5 amended judgment, appellant is precluded from obtaining review of the sole issue raised on appeal, concerning the trial court's deduction of no-fault benefits, because he failed to timely appeal from the November 14, 1988 judgment. Generally, the scope of review on appeal from an amended judgment is limited to issues directly affected by the amended judgment, which were not reviewable on appeal from the original judgment. *See Burwell v. Burwell,* 433 N.W.2d 155 (Minn.Ct.App.1988); *Beeson v. Beeson,* 432 N.W.2d 501 (Minn.Ct.App. 1988). The changes made in the December 5, 1988 amended judgment did not concern the deduction of no-fault benefits.

■ The November 14, 1988 judgment was a final appealable judgment. The trial

court's insertion of costs and disbursements and prejudgment interest did not affect the finality of the original judgment or extend the time to appeal. *See generally* Minn.R.Civ.P. 58.01; Minn.R.Civ.App.P. 104.02. Prejudgment interest is not an independent claim, and all claims were finally determined in the original judgment.

Appeal dismissed.