Thomas C. HANSING and Thomas C. Hansing on Behalf of himself and all other shareholders of Ben Enterprises, Inc., Appellant,

v.

Bryan McGROARTY, et al., Gary Lego, Respondents,

James Martineau, et al., Defendants,

Ben Enterprises, Inc., Respondent.

No. C5-88-1999.

Court of Appeals of Minnesota.

Dec. 20, 1988.

Petition for Review Denied Jan. 25, 1989.

Jerrold Hartke, So. St. Paul, for appellant.

Gregory A. Fontaine, Minneapolis, for McGroarty, et al.

David A. Brandell, Eden Prairie, for Lego.

William Mullin, Maslon, Edelman, Borman & Brand, Minneapolis, for Martineau, et al.

Wellington Tully, Jr., Minneapolis, for Ben Enterprises, Inc.

Considered at Special Term and decided by WOZNIAK, C.J., and NIERENGARTEN and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant's counsel failed to file a note of issue within one year after the summons and complaint in this matter was filed with the trial court, and the case was dismissed by order in May 1987. An appeal was first taken to this court from the order for dismissal, but the proper appeal was from a judgment of dismissal, and we rejected the appeal in August 1987. Months later, appellant's counsel moved the trial court for entry of a judgment. This appeal, from the resulting June 20, 1988 judgment, was served on the last day permitted for appeal from the judgment.

Defendants Martineau and Lindquist & Vennum move to dismiss because they were not served with the appeal papers. Appellant concedes the lack of service, but moves for leave to serve the defendants now, more than two months after the appeal time expired.

### DECISION

An appeal may be taken from a final judgment within 90 days after its entry. Minn.R.Civ.App.P. 104.01. The 90th day from June 20, 1988, when a judgment of dismissal was finally entered in this case, was Sunday, September 18, 1988. Because the final day of the appeal period fell on a Sunday, appellant had until Monday, September 19 to perfect the appeal. *See* Minn. R.Civ.App.P. 126.01; Minn.R.Civ.P. 6.01.

An appeal is

made by filing a notice of appeal with the clerk of the appellate courts. The notice shall contain:

(a) proof of service on the adverse party or parties;

(b) proof of service on the clerk of the trial court in which the judgment or order appealed from is entered or filed;

(c) a statement specifying and describing the judgment or order from which the appeal is taken;

(d) the names, addresses, and telephone numbers of opposing counsel and the parties they represent.

Minn.R.Civ.App.P. 103.01, subd. 1. The notice of appeal filed in this case did not include proof of timely service upon Martineau and Lindquist & Vennum.

Previously, service alone upon adverse parties initiated an appeal, even in the absence of filing with the Clerk of the Appellate Courts. However, timely *service* on adverse parties has long been jurisdictional. As the 1983 Comment to Rule 103.01 indicates, a notice of appeal now must be served *and* filed "in order to vest jurisdiction in the Court of Appeals." This court may relieve a party of other errors in the handling of an appeal, provided the party first "files *and serves* a notice of appeal[.]" Minn.R.Civ.App.P. 103.01, subd. 2 (emphasis added).

Where an appellant fails "to serve respondent with notice of his appeal within the 90 day limit" for appeal from a judgment, "this court has no jurisdiction to consider the matter." *Petersen v. Petersen*, 352 N.W.2d 797, 797 (Minn.Ct.App. 1984). We may not, as appellant requests, extend the time for appeal. Minn.R.Civ. App.P. 126.02.

While the entire appeal need not be dismissed, our review is limited to issues arising between appellant Hansing and those parties who were timely and properly served with notice of this appeal. *Thayer v. Duffy*, 240 Minn. 234, 255, 63 N.W.2d 28, 40 (1954). That portion of the appeal which relates to Martineau and Lindquist & Vennum must be dismissed.

Motion to dismiss portion of appeal granted.