**In the Matter of the WELFARE OF R.M. and C.M., Children.**

**No. C2–89–108.**

Court of Appeals of Minnesota.

March 7, 1989.

Review Denied April 24, 1989.

J. Patrick Leavitt, Shakopee, for respondent Father.

Michael W. McDonald, Prior Lake, for respondent Mother.

James A. Terwedo, Scott Co. Atty., Kathryn A. Santelmann, Peggy A. Flaig, Asst. Scott Co. Attys., Shakopee, for appellant State.

Joseph R. Cade, Savage, for guardian ad litem.

Patti W. Frisch, Minneapolis, for grandparents.

Considered at Special Term and decided by WOZNIAK, C.J., and

HUSPENI and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant Scott County Human Services Agency petitioned to terminate the parental rights of the father and mother of R.M. and C.M. The parents moved to dismiss the petition, and the maternal grandparents moved for an order granting them permanent legal and physical custody of the two children. The parties entered into a stipulation granting the maternal grandparents custody of the children. By order filed on December 19, 1988, the trial court denied and dismissed the petition and granted the maternal grandparents permanent custody of the children.

On December 30, 1988, appellant moved for reconsideration of the December 19 order. By order dated January 18, 1989, the motion for reconsideration was denied.

On January 19, 1989, appellant filed and served this appeal, seeking review of the December 19 order. This court questioned jurisdiction and directed the parties to file memoranda on the timeliness of the appeal.

### DECISION

Appeals in juvenile court matters are governed by Minn.Stat. § 260.291, subd. 1 (1988), which provides:

> Subdivision 1. **Persons entitled to appeal; procedure.** An appeal may be taken by the aggrieved person from a final order affecting a substantial right of the aggrieved person, including but not limited to an order adjudging a child to be in need of protection or services, neglected and in foster care, delinquent, or a juvenile traffic offender. *The appeal shall be taken within 30 days of the filing of the appealable order.*

*Id.* (emphasis added). The last day to appeal the December 19 order was Wednesday, January 18, 1989. This appeal was filed and served on January 19, 1989, and is untimely.

Appellant claims its motion for reconsideration extended the time to appeal. However, motions to reconsider, vacate, or amend do not extend the time to appeal the final order in civil matters. *See generally Knutson v. Commissioner of Public Safety,* 406 N.W.2d 560, 562 (Minn. Ct.App.1987) (motion to vacate the implied consent order did not extend the time to appeal the original final order). Only in criminal proceedings do some post-trial motions have the effect of extending the time to appeal. Minn.R.Crim.P. 28.02, subd. 4(3).

In the alternative to construing its appeal to be timely, appellant requests this court grant a one day extension of time for filing. However, Minn.R.Civ.App.P. 126.02 precludes us from extending the time for filing a notice of appeal and we lack jurisdiction to consider the matter. *See Wise v. Bix,* 434 N.W.2d 502 (Minn.Ct.App.1989); *Hansing v. McGroarty,* 433 N.W.2d 441 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Jan. 25, 1989).

APPEAL DISMISSED.