In the Matter of the WELFARE OF D.B., R.B. and S.E., Children.

No. C1-90-1868.

Court of Appeals of Minnesota.

Nov. 20, 1990.

Howard Kruger, Winona, for appellant mother.

Julius Gernes, Winona County Atty., Susan Cooper, Asst. County Atty., Winona, for respondent Winona County.

Eric Johnsrud, Pflughoeft, Pederson & Johnsrud, Winona, for respondent children.

Considered at Special Term and decided by WOZNIAK, C.J., and GARDEBRING, and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

By findings of fact, conclusions of law, and order filed May 23, 1990, the trial court terminated the mother's parental rights to three children. An amended order, which contained no substantive changes, was filed May 30. This appeal was filed on August 21, and respondents Winona County and the children promptly filed motions to dismiss, arguing the appeal was untimely.

The mother's counsel filed an untimely response to the motions to dismiss and all respondents moved to strike. The mother also seeks leave to proceed in forma pauperis on appeal.

### DECISION

■ Appeals from final orders in juvenile court matters must "be taken within 30 days of the filing of the appealable order." Minn.Stat. § 260.291, subd. 1 (1988); Minn. R.Juv.Cts. 63.01, subd. 2(B). We lack jurisdiction to consider an untimely appeal from a final order in termination proceedings, and must dismiss. *In re R.M.*, 436 N.W.2d 807 (Minn.App.1989), *pet. for rev. denied* (Minn. April 24, 1989). We cannot extend the time for taking an appeal. Minn.R.Civ. App.P. 126.02.

■ The order terminating parental rights was filed on May 23, and the time for appeal expired 30 days thereafter, on June 22. Because the issues raised by the mother were not affected by any amendments, and could have been raised on appeal from the May 23 order, the entry of an amended order on May 30 did not extend the time for appeal. *See Burwell v. Burwell*, 433 N.W.2d 155, 156 (Minn.App.1988) (citing *Swartwoudt v. Swartwoudt*, 349 N.W.2d 600, 602 (Minn.App.1984), *pet. for rev. denied* (Minn. Sept. 12, 1984)). Even if the amended order had determined issues which were not appealable before the modification, the time for appeal would have expired on June 29, almost two months before this appeal was filed.

■ The mother's counsel argues the appeal is timely because it was taken within 90 days, citing Minn.R.Civ.App.P. 104.01. While an appeal may be taken from a final *judgment* in civil cases within 90 days after entry, this appeal was taken from the final *order* terminating parental rights, and the 90-day period is inapplicable. In addition, Rule 104.01 governs the time for appeal "unless a different time is provided by law." A different time *is* provided by Minn.Stat. § 260.291, subd. 1, which requires that any appeal from a termination order be taken within 30 days after filing.

■ We also note that the mother's counsel claims that a motion to amend or grant a new trial was made. Such motions are authorized by the juvenile rules. *See* Minn.R.Juv.Cts. 60.01–03. Appellant's counsel failed to provide copies of any motion papers or the order denying the motion, and we are unable to determine whether any issues were properly preserved for appellate review. *See Schaust v. Town Bd. of Hollywood Township*, 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973) (on appeal from denial of new trial, only the errors specifically alleged in the motion may be reviewed).

■ A post-trial motion "to reconsider, vacate, or amend" does not extend the time

 303

for appeal. *In re R.M.*, 436 N.W.2d at 808. Even if a proper motion for new trial was made, no appeal was taken from the order denying a new trial, the appeal papers did not refer to any such order, appellant has not provided a copy of the order for our review, and this appeal was not taken within 30 days after the order was filed, as required by the statute. *See* Minn.Stat. § 260.291, subd. 1; Minn.R.Juv.Cts. 63.01, subd. 2(B). This appeal is untimely, and it must be dismissed.

■ Both motions to dismiss were served by mail on August 23. Responses must be served within five days after service of a motion. Minn.R.Civ.App.P. 127. Because the motions were served by mail, and the response period is calculated from the "service of a paper," three days are added to the response period. Minn.R.Civ.App.P. 125.03. Any response to the motions to dismiss was due no later than August 31, eight days after service by mail. The response was not served until September 5, and it is untimely.

Respondents moved to strike the response, but they failed to establish prejudice from the delay. *See Boom v. Boom*, 361 N.W.2d 34 (Minn.1985). The mother's counsel opposed the motion to strike and requested an extension of time. The motion was supported by counsel's unexecuted affidavit. Counsel should have requested an extension before the time for filing a response expired, *see* Minn.R.Civ.App.P. 131.02, but we have concluded that it is inappropriate to penalize appellant for her counsel's errors.

■ The mother seeks leave to proceed in forma pauperis. Counsel failed to provide copies of the motion or proof of service, even after requested by the Clerk of the Appellate Courts. *See* Minn.R.Civ.App.P. 127, 125.04. The motion should have been made to the trial court, for determination of the mother's ability to pay the expenses of appeal. *See* Minn.R.Juv.Cts. 63.01, subd. 2(D); *see also* Minn.R.Civ.App.P. 103.01, subd. 3(a), (d) (filing fees not required if trial court determines appellant is indigent); *Maddox v. Department of Human Services*, 400 N.W.2d 136, 139 n. 1

(Minn.App.1987) (findings to be made by trial court). In light of our dismissal of this untimely appeal, only waiver of the filing fees is required. Appellant's affidavit is sufficient to grant that waiver.

Appeal dismissed.