**In the Matter of the WELFARE of J.B., Jr., Child.**

No. C5–00–2203.

Court of Appeals of Minnesota.

March 27, 2001.

---

1. Minn.Stat. § 123B.147, subd. 1 was previously numbered § 123.34, subd. 10.

Mark Stephen Stolpman, Fergus Falls (for appellant).

Mike Hatch, Attorney General, St. Paul, MN; and Kurt Alan Mortenson, Assistant Otter Tail County Attorney, Fergus Falls (for respondent).

Considered and decided by TOUSSAINT, Presiding Judge, SCHUMACHER, Judge, and STONEBURNER, Judge.

### SPECIAL TERM OPINION

TOUSSAINT, Chief Judge

The father of J.B., Jr. appeals a November 20, 2000 order terminating his parental rights. The appeal papers were served and filed by mail on December 19. Appellant filed an affidavit of service on counsel

for respondent Ottertail County (county), but the appeal papers did not indicate whether the guardian ad litem or counsel for J.B., Jr. had been served. This court questioned whether appellant served the notice of appeal on the guardian ad litem and counsel for J.B., Jr. within the appeal period, and, if not, whether dismissal of the appeal is required. Appellant and the county submitted memoranda.

## DECISION

Unless a different time is provided by statute, an appeal may be taken from an appealable order within 60 days after service by any party of written notice of its filing. Minn. R. Civ.App. P. 104.01, subd. 1. The statute governing juvenile protection matters provides a different appeal time. Appeals from final orders in juvenile protection matters must "be taken within 30 days of the filing of the appealable order." Minn.Stat. § 260C.415, subd. 1 (2000). This court lacks jurisdiction to consider an untimely appeal from a final order in termination proceedings, and must dismiss. Minn. R. Civ.App. P. 126.02; *In re Welfare of D.B.,* 463 N.W.2d 301, 302 (Minn.App.1990).

The rule governing appeals in juvenile protection matters provides in part that:

> Within the time allowed for an appeal from an appealable order, the person appealing shall:
>
> (a) serve a notice of appeal upon the county attorney and *all parties or their counsel* if represented; and
>
> (b) file a notice of appeal, together with proof of service upon all parties, with the clerk of the appellate courts and the court administrator.

Minn. R. Juv. P. 82.02, subd. 3 (emphasis added).

By contrast, the civil appellate rule states that an appeal is made

> by filing a notice of appeal with the clerk of the appellate courts and serving the notice on the *adverse party or parties* within the appeal period.

Minn. R. Civ.App. P. 103.01, subd. 1 (emphasis added).

An appeal in a juvenile protection matter is taken to the court of appeals as in civil cases. Minn.Stat. § 260C.415, subds. 1, 2 (2000). Therefore, Minn. R. Civ.App. P. 103.01, subd. 1, rather than Minn. R. Juv. P. 82.02, subd. 3 governs the acts required to invoke appellate jurisdiction. *See* Minn. R. Civ.App. P. 101.01 (providing that the civil appellate rules govern procedure in civil appeals); *In re Jost,* 449 N.W.2d 719, 721 (Minn.1990) (holding that language in commitment statute stating that appeal is taken as in other civil cases shows legislative determination to create no distinction between procedural remedies available to all civil litigants and those authorized for persons participating in commitment proceedings). Under Minn. R. Civ.App. P. 103.01, subd. 1, timely filing of the notice of appeal with the clerk of the appellate courts and timely service on the adverse party or parties are the jurisdictional steps required to initiate an appeal. Minn. R. Civ.App. P. 103.01 1998 advisory comm. cmt.

The child's guardian ad litem is a party to a juvenile protection matter. Minn. R. Juv. P. 57.01, subd. 1(a). Any other person, including a child, may be designated as a party if that person is deemed by the court to be important to a resolution that is in the best interests of the child. *Id.,* subd. 1(f).

Here, the guardian ad litem for J.B., Jr. is a party. J.B., Jr. is also a party because the trial court appointed counsel for him and he was allowed to participate as a party. *See State v. Tri–State Tele. & Telegraphic Co.,* 146 Minn. 247, 251, 178 N.W. 603, 604 (1920) (defining the term "parties" as including those who are directly interested in the subjects matter and who have the right to control the proceedings, examine and cross-examine the witnesses, and appeal from the order or judgment finally entered).

■ Appellant did not serve the notice of appeal on either the guardian ad litem or J.B., Jr. within the appeal period. Appellant's failure to do so is a jurisdictional defect if either of these parties is "adverse" to the appeal. *See Hansing v. McGroarty,* 433 N.W.2d 441, 442 (Minn. App.1988) (holding that timely service of the notice of appeal upon adverse parties is jurisdictional), *review denied* (Minn. Jan. 25, 1989).

■ An "adverse party" is "[a]ny party who would be prejudiced by a reversal or modification of an order, award, or judgment * * *." *Larson v. LeMere,* 220 Minn. 25, 27 28, 18 N.W.2d 696, 698 (1945). Neither J.B., Jr. nor the guardian is an adverse party to this appeal. J.B., Jr.'s counsel argued against termination of appellant's parental rights. The guardian opposed termination of parental rights in favor of long-term foster care. Appellant provided affidavits from the guardian and counsel for J.B., Jr. stating that they are not adverse to this appeal.

Appellant timely filed the notice of appeal and served it on the only adverse party, the county. Appellant's failure to serve the guardian ad litem and counsel for J.B., Jr. within the appeal period does not deprive this court of jurisdiction because the guardian and J.B., Jr. are not adverse to the appeal.

**Appeal to proceed.**