**In re the Marriage of Connie Aileen CEPEK, n/k/a Connie Aileen Van Valkenburg, petitioner, Appellant,**

v.

**Scott Anthony CEPEK, Respondent.**

No. A04–197.

Court of Appeals of Minnesota.

Aug. 3, 2004.

John T. Burns, Jr., Burns Law Offices, Burnsville, MN, for appellant.

Terry H. Rueb, Burnsville, MN, for respondent.

Considered at Special Term and decided by TOUSSAINT, Chief Judge; ANDERSON, Judge; and MINGE, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

This appeal arises from a motion brought by respondent Scott Anthony Cepek to modify custody of the parties two

minor children and to find appellant Connie Aileen Van Valkenburg in contempt for failure to facilitate visitation and for interference with respondents visitation. In a July 2, 2002, order, the district court appointed Dr. James Gilbertson, Ph.D., as custody evaluator for the minor children of the parties. The order directed that Dr. Gilbertson be made a party to the proceeding and authorized him to bring motions, serve discovery, and in all other respects have the same authority as any party under the rules of general practice. The order directed Dr. Gilbertson to conduct an independent investigation and to submit a report addressing several issues. The order states that Dr. Gilbertson shall be discharged 30 days after the date of the entry of the final order unless a party requests a hearing and issues a subpoena to Dr. Gilbertson. In the resulting report, Dr. Gilbertson recommended joint physical and legal custody, with increased access to the children for respondent.

The district court later waived the 30–day period to request a hearing because the parties were attempting to reach a settlement. An evidentiary hearing was held after the efforts to settle failed. After the hearing, the district court issued an order awarding the parties joint legal custody and expanding respondents parenting time. The order denies respondents motion to find appellant in contempt, but the order awards respondent attorney fees in the amount of $15,000. Judgment was entered on October 9, 2003. This appeal was filed and served on respondents counsel after the district court disposed of appellants motion for amended findings by order dated January 13, 2004.

On April 9, respondent filed a motion to dismiss the appeal on the ground of appellants failure to timely serve the notice of appeal on Dr. Gilbertson. Appellant opposed the motion. Respondent filed a reply.

**DECISION**

Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry and from an appealable order within 60 days after any party serves written notice of its filing. Minn. R. Civ.App. P. 104.01, subd. 1. Certain types of proper and timely post-decision motions, including a motion to amend or make findings of fact under Minn. R. Civ. P. 52.02, extend the appeal time. Minn. R. Civ.App. P. 104.01, subd. 2. If a proper and timely post-decision motion is filed, the time for appeal of the order or judgment that is the subject of the motion runs for all parties from the date of service by any party of notice of filing of the order disposing of the last such motion outstanding. *Id.*

Appellants motion for amended findings extended the time to appeal the underlying October 9 order and judgment. Respondent served a notice of filing of the January 13 order disposing of the motion by mail and facsimile transmission on January 14, 2004. The appeal period thus expired on Monday, March 15, 2004, which was 60 days after respondents notice of filing was served by facsimile transmission on January 14. *See* Minn. R. Civ.App. P. 126.01 (incorporating Minn. R. Civ. P. 6.01, which provides that if last day of prescribed period falls on Saturday, Sunday, or legal holiday, period is extended until end of next business day); *Huntsman v. Huntsman,* 633 N.W.2d 852, 854 n. 1 (Minn.2001) (noting that respondents service of notice of filing of order disposing of post-decision motion by facsimile transmission triggered 60–day appeal period).

■ An appeal is taken by filing a notice of appeal with the clerk of the appellate courts and serving the notice on the

adverse party or parties within the appeal period. Minn. R. Civ.App. P. 103.01, subd. 1. Timely service of the notice of appeal on the adverse parties is a jurisdictional requirement. *Hansing v. McGroarty*, 433 N.W.2d 441, 442 (Minn.App.1988), *review denied* (Minn. Jan. 25, 1989). Although appellant timely filed the notice of appeal with the clerk of the appellate courts and served the notice on respondents counsel, appellant did not serve the notice of appeal on Dr. Gilbertson within the appeal period.

■ The district courts July 2, 2003, order made Dr. Gilbertson a party to the custody proceeding.[1] Although Dr. Gilbertson was a party to the proceeding, appellants failure to timely serve the notice of appeal on Dr. Gilbertson is not a jurisdictional defect unless Dr. Gilbertson is an "adverse" party. An "adverse" party is any party who would be prejudiced by a reversal or modification of an order, award, or judgment. *Larson v. LeMere*, 220 Minn. 25, 27–28, 18 N.W.2d 696, 698 (1945).

Respondent argues that in view of the rights and powers granted to Dr. Gilbertson, the district courts intent was to make Dr. Gilbertson a de facto guardian ad litem. Respondent contends that Dr. Gilbertson acted as an advocate for the children by recommending certain steps to enhance the children's relationship with respondent, including modification of custody from sole to joint and substantially increased parenting time for respondent. Because appellant challenges the award of joint legal custody and the expansion of respondents parenting time, respondent argues that Dr. Gilbertson is an adverse party on whom timely service of the notice of appeal was required.

■ The roles of a court-appointed custody evaluator and a guardian ad litem are distinct. In contested custody proceedings, and in other custody proceedings if a parent or the childs custodian requests, the court may seek the recommendation of professional personnel whether or not they are employed on a regular basis by the court. Minn.Stat. 518.166 (2002). In such proceedings, the court may order an investigation and report concerning custodial arrangements for the child. Minn.Stat. 518.167, subd. 1 (2002).

In a family court child-custody proceeding, appointment of a guardian ad litem for the minor child is permissive, unless the court has reason to believe that the minor child is a victim of domestic child abuse or neglect. Minn.Stat. 518.165, subds. 1, 2 (2002). A guardian ad litem in a family court proceeding is not automatically a party. But a guardian ad litem for the minor children may be designated a party to the proceedings in the order of appointment. Minn. R. Gen. Pract. 302.04(b).

Except when an emergency exists that warrants the courts direct selection of a guardian ad litem, when the court determines that the appointment of a guardian ad litem is appropriate in a particular case, the court shall request that the guardian ad litem program coordinator recommend a guardian for appointment. Minn. R. Gen. Pract. 904.01. Unless the court determines that the recommended guardian is not appropriate for appointment, the court shall enter a written order appointing the guardian. *Id.* A guardian ad litem shall not be appointed or serve except upon written order of the court. Minn. R. Gen. Pract. 904.01. A guardian ad litem may not be ordered to conduct a custody or visitation evaluation unless the court

1. Because neither appellant nor respondent challenged the district court's decision to make Dr. Gilbertson a party, we do not reach the issue of whether the district court is authorized to make a custody evaluator a party to the proceeding.

makes specific findings in the appointment order that there is no other person who is regularly responsible for the performance of, or who is available to conduct, custody and visitation evaluations and that the guardian ad litem has been properly trained to conduct those evaluations. Minn. R. Gen. Pract. 908.02.

■ Because a guardian ad litem for the children must be expressly appointed by court order, and a guardian ad litem may not conduct a custody evaluation unless the appointment order contains the findings required by Minn. R. Gen. Pract. 908.02, a court-appointed custody evaluator who is not designated as a guardian ad litem cannot be a "de facto" guardian ad litem. To hold otherwise would undermine Minn. R. Gen. Pract. 901–913, which govern the appointment and duties of a guardian ad litem.

■■ A guardian ad litem is appointed by the court to protect the child's interests, and it is the guardian who speaks for the child. *In re Welfare of J.R., Jr.*, 655 N.W.2d 1, 5–6 (Minn.2003). Because of the guardian ad litems role as the advocate for the child, the guardian may be an "adverse" party to an appeal from a child-custody determination if the child would be prejudiced by a reversal or modification of the order or judgment from which the appeal is taken. But a custody evaluator, by contrast, does not have the same role as an advocate for the child. Therefore, an expert appointed by the court as a custody evaluator cannot be "prejudiced" by reversal or modification of a custody determination, even if the district court followed the evaluators recommendations.

■ In juvenile-protection proceedings, timely service of the notice of appeal on all parties is a jurisdictional requirement, regardless of whether the party is "adverse" to the appeal. *J.R., Jr.*, 655 N.W.2d at 3

n. 1. But the rules of civil appellate procedure apply to this appeal because it arises from a family court custody matter, rather than a juvenile-protection proceeding. *See* Minn. R. Civ.App. P. 101.01 (providing that these rules govern procedure in civil appeals); Minn. R. Juv. Protect. P. 2.01(k) (defining juvenile-protection matters). Under the rules of civil appellate procedure, service of the notice of appeal on a party within the appeal period is only required if the party is an adverse party. Minn. R. Civ.App. P. 103.01, subd. 1. Even if designated as a party, a custody evaluator, lacking the guardian ad litems role as an advocate for the child, cannot be an "adverse" party. Appellants failure to serve the notice of appeal on the custody evaluator in this case is not a jurisdictional defect warranting dismissal.

**Motion to dismiss denied.**