**In re the Marriage of Tammy Maria BANAL–SHEPHERD, petitioner, Appellant,**

**v.**

**Wayne SHEPHERD, Respondent.**

**No. A12–1933.**

Court of Appeals of Minnesota.

March 25, 2013.

Review Denied May 21, 2013.

Marc G. Kurzman, Kurzman Grant Law Office, Minneapolis, MN, for appellant.

Shannon L. Ort, Terzich & Ort, LLP, Maple Grove, MN, for respondent.

James I. Laurence, St. Paul, MN, for guardian ad litem.

Considered and decided by JOHNSON, Chief Judge; SCHELLHAS, Judge; and RODENBERG, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

This appeal is taken from an order that granted a postdecree motion by respondent Wayne Shepherd to modify a child-custody order. Respondent moved to dismiss the appeal on the ground that appellant Tammy Maria Banal–Shepherd failed to serve the notice of appeal on Ramona Olson, the guardian ad litem for the child. Appellant filed a response opposing the motion. Respondent filed a reply.

The parties' 2004 California dissolution decree awarded them joint legal custody of their only child and directed that physical custody be shared. The parties had stipulated to a parenting arrangement with the understanding that appellant could move with the child to Minnesota. Appellant did move to Minnesota, and respondent remained in California.

The present action was initiated in 2009 due to appellant's concerns about respondent's manner of parenting and respondent's concerns that appellant was depriving him of parenting time. On September 21, 2011, the district court issued an order appointing Olson to be the guardian ad litem for the child. Olson was represented by counsel. In a March 29, 2012 order, the district court adopted the parties' stipulation that the guardian ad litem should be a party to the case.

The guardian and her counsel participated in the evidentiary hearing, which was held in May and July of 2012. The guardian recommended that legal and physical custody of the child be awarded to respondent. On October 1, 2012, the district court issued an order stating that the parties shall continue to share joint legal custody but that primary physical custody of the child shall be with respondent in California. On October 9, 2012, the district court issued an order discharging the Ramsey County guardian ad litem program and Olson, the assigned guardian.

Meanwhile, on October 4, 2012, respondent served, by United States mail, a notice of filing of the October 1, 2012 order. The notice of appeal was filed on October 26, 2012. Appellant served the notice of appeal on respondent's counsel but did *not* serve the notice of appeal on counsel for the guardian ad litem.

After the appeal period expired, respondent filed a motion to dismiss the appeal on the ground that appellant failed to serve the notice of appeal on the guardian ad litem. The guardian joins in the motion to dismiss.

## DECISION

The October 1, 2012 order is an appealable order pursuant to Minn. R. Civ.

App. P. 103.03(h). Unless a different time is provided by statute, an appeal may be taken from an appealable order within 60 days after service by any party of a written notice of its filing. Minn. R. Civ.App. P. 104.01, subd. 1. In this case, the appeal period expired on December 6, 2012, which was 63 days after respondent served notice of filing of the order by United States mail on October 4, 2012. *See* Minn. R. Civ.App. P. 104.01, subd. 1; 125.03.

An appeal is made by filing a notice of appeal with the clerk of the appellate courts and serving the notice on the adverse party or parties within the appeal period. Minn. R. Civ.App. P. 103.01, subd. 1. In a family law matter, a guardian ad litem shall be appointed and shall serve only pursuant to a written order of the district court. Minn. R. Gen. Pract. 903.03. If the guardian ad litem is a party, his or her role is not limited to advising the district court; rather, the guardian has an interest in the litigation. In every case in which the guardian ad litem is a party, the guardian ad litem shall have the right to, among other things, appeal from orders of the district court. Minn. R. Gen. Pract. 907.02(m).

▆▆▆▆ It is undisputed that the guardian ad litem in this case was a party to the action in the district court. The key question is whether the guardian ad litem is an "adverse" party to the appeal. An "adverse" party is a party who would be prejudiced by a reversal or modification of an order, award, or judgment. *Larson v. Le Mere,* 220 Minn. 25, 27–28, 18 N.W.2d 696, 698 (1945). In this case, the guardian ad litem urged the district court to award sole legal and physical custody of the child to respondent and to allow the child to reside with respondent in California. The district court ruled in favor of the guardian ad litem's position in part by awarding primary physical custody to respondent,

with certain conditions. Because appellant seeks review of the district court's October 1, 2012 order, the position of the guardian ad litem, to the extent it was successful in the district court, has been placed in jeopardy. Thus, the guardian ad litem might be prejudiced if this court were to reverse or modify the district court's October 1, 2012 order. *See Larson,* 220 Minn. at 27–28, 18 N.W.2d at 698.

In *Cepek v. Cepek,* 684 N.W.2d 521 (Minn.App.2004), this court held that a custody evaluator cannot be an adverse party to an appeal of a custody determination because a custody evaluator is not authorized to act as an advocate for the child. *Id.* at 525. But the role of a custody evaluator is to investigate and report concerning custodial arrangements for the child. *Id.* at 524. In contrast, a guardian ad litem's role is to represent the best interests of the child, as determined by the guardian. *See id.* at 525. Thus, a guardian ad litem is an "adverse" party to an appeal from a child-custody determination in a case in which the guardian ad litem was a party in the district court, if the guardian's position might be prejudiced by a reversal or modification of the order or judgment from which the appeal is taken. *See id.*

In this case, appellant timely filed the notice of appeal with the clerk of the appellate courts, and she timely served the notice of appeal on the attorney representing respondent. But appellant did not serve the notice of appeal on the attorney representing the guardian ad litem within the appeal period. *See* Minn. R. Civ.App. P. 125.02 (stating that service on represented party shall be made on attorney). Timely service of the notice of appeal on each adverse party is a jurisdictional requirement. *Hansing v. McGroarty,* 433 N.W.2d 441, 442 (Minn.App.1988), *review denied* (Minn. Jan. 25, 1989). Because the

district court's October 1, 2012 order is indivisible, appellant's failure to timely serve the notice of appeal on the guardian ad litem requires dismissal of the entire appeal. *See Janssen v. Best & Flanagan, LLP,* 704 N.W.2d 759, 765 (Minn.2005) (stating that appeal must be dismissed if order appealed from is indivisible such that it must be affirmed, modified, or reversed as to all parties to the action).

**Motion to dismiss granted.**