# STATE OF MICHIGAN

# COURT OF APPEALS

INTERNATIONAL OUTDOOR, INC.,

Plaintiff-Appellant,

UNPUBLISHED
December 30, 2014

v

DIX ROAD, LLC, RICHARD GOLDEN, DIX
LAND, LLC, and STEVEN LAFFEY,

Defendants-Appellees.

No. 317703
Wayne Circuit Court
LC No. 13-005679-CZ

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals the trial court's grant of summary disposition to defendants. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves a dispute over a lease of real-estate for a billboard in Lincoln Park. In 1998, defendant Dix Road's predecessor in interest, the Donald L. Golden Trust,[1] leased part of a property it owned to plaintiff International Outdoor's predecessor in interest, Rite Media of Michigan, to use for a billboard. The lease had a 20 year term, but gave the lessor the right to prematurely terminate the lease if it sold the property to a third party that did not want to assume the lease. In the event of termination, the lessor was required to pay the lessee $47,700 "less an amount equal to 1/53rd of [$47,700] for each month after the Effective Date of this Lease until the effective date of such termination."

International Outdoor acquired its interest in the billboard lease via assignment, and Dix Road purchased the property from the Donald L. Golden Trust in May 2007. Dix Road attempted to terminate the lease in July 2007, but subsequently withdrew the termination request.

Dix Road resumed its efforts to end the lease in early 2008, when it apparently signed a new lease with AT&T to use the property for retail purposes. Around the time of the lease

---

[1] Donald Golden was defendant Richard Golden's father.

-1-

negotiations,[2] Dix Road sold the property to defendant Dix Land, a corporation created in March 2008 by defendant Steven Laffey, a longtime business associate of Dix Road owner Richard Golden. After the sale, Dix Road requested that the billboard lease be terminated.

International Outdoor did not remove its billboard, however. Dix Road then sued[3] it for eviction in district court, and demanded that the court enforce the lease's termination clause in a motion for summary disposition under MCR 2.116(C)(10). International Outdoor responded with its own motion for summary disposition, and argued, among other things, that the purported sale of the property to Dix Land was a "sham" to "effectuate the termination" of the billboard lease. To support its assertion, International Outdoor pointed to the supposed lack of consideration in Dix Road and Dix Land's purchase agreement, and the close association between the owners of the corporations, Golden and Laffey.

In August 2011, the district court rejected International Outdoor's arguments and granted Dix Road's motion for summary disposition.[4] Specifically, the court held that "the Offer to Purchase by Dix Land is valid and not bogus," and stated that the purchase agreement between Dix Road and Dix Land was supported by consideration. Accordingly, it ruled that termination of the billboard lease was proper. International Outdoor appealed the ruling to the circuit court, and made the same arguments there as it did at the district court. Though the circuit court noted that the sales transaction between Dix Road and Dix Land was "a little fishy," it affirmed the district court's decision in an order issued on December 2, 2011.

International Outdoor brought the instant action in May 2013 in the Wayne Circuit Court, and again argued that the property sale between Dix Road and Dix Land was a "sham" to allow Dix Road to terminate the billboard lease. Specifically, International Outdoor brought a host of tort claims against defendants, including fraud, tortious interference, and silent conspiracy. Defendants moved for summary disposition under MCR 2.116(C)(7) and 2.116(C)(8), and argued that International Outdoor's lawsuit was barred by res judicata, because the issue of whether the sales transaction was a "sham" had been fully litigated in the 2011 lawsuit. The trial court agreed that res judicata barred the action, and granted defendant's motion for summary disposition.

On appeal, International Outdoor argues that res judicata is inapplicable to its suit because: (1) its affirmative defenses in the 2011 suit were contract based, and its present claims are based in tort; and (2) defendants Steven Laffey and Dix Land are not parties or privies to the

---

[2] The parties dispute the precise timeline of events on the AT&T lease negotiations and sale of the property to Dix Land, but the timing of both is inconsequential for the issues presented in this case.

[3] Richard Golden was also a plaintiff in the 2011 lawsuit.

[4] The trial court did not indicate under which subsection it granted summary disposition. However, it appears that the court granted summary disposition under subsection (C)(7), as that subsection provides for summary disposition when a claim is barred by res judicata. *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

plaintiffs in the 2011 action, Richard Golden and Dix Road. Defendants ask us to uphold the trial court's grant of summary disposition.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 443; 761 NW2d 846 (2008). When reviewing the holding, we view the evidence in the light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(7) where a claim is barred by res judicata. *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

A motion for summary disposition under MCR 2.116(C)(10) "is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

## A. RES JUDICATA

The doctrine of res judicata, also referred to as "claim preclusion,"[5] "precludes *relitigation of a claim* when it is predicated on the same underlying transaction that was litigated in a prior case." *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013) (emphasis added).[6] Specifically, res judicata bars a subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008).

Here, the instant case does not involve the same cause of action as the 2011 lawsuit. The 2011 lawsuit, brought by defendant Dix Road, involved eviction, and International Outdoor pled affirmative defenses premised on contract theories. This case, by contrast, involves multiple tort claims brought by International Outdoor—wholly different claims than those raised in the 2011 lawsuit. Accordingly, this case is not precluded by res judicata, and the trial court was incorrect to so hold.

## B. COLLATERAL ESTOPPEL

## 1. LEGAL STANDARDS

---

[5] *Bennett v Mackinac Bridge Auth*, 289 Mich App 616, 629; 808 NW2d 471 (2010).

[6] See also *Glaubius v Glaubius*, 306 Mich App 157, 173; 855 NW2d 221 (2014) ("[r]es judicata prevents multiple suits litigating the same cause of action") (internal citations omitted).

"Collateral estoppel, or *issue preclusion*, precludes relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v Michalik*, 244 Mich App 569, 577; 623 NW2d 642 (2001) (emphasis added). The doctrine "requires that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes*, 481 Mich at 585. "[M]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action. In other words, [t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Monat v State Farm Ins Co*, 469 Mich 679, 684–685; 677 NW2d 843 (2004) (citations and quotation marks omitted; alterations in original).[7]

"A person is in privy to a party if, after the judgment, the person has an interest in the matter affected by the judgment through one of the parties, such as by inheritance, succession, or purchase." *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 556; 540 NW2d 743 (1995), reh gtd on other grounds 455 Mich 862. "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Adair v Michigan*, 470 Mich 105, 122; 680 NW2d 386 (2004). "The outer limit of the doctrine traditionally requires both a 'substantial identity of interests' and a 'working functional relationship' in which the interests of the nonparty are presented and protected by the party in the litigation." *Id*., quoting *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002).

## 2. APPLICATION

Here, collateral estoppel precludes International Outdoor's lawsuit. In both the 2011 suit and this action, International Outdoor's principal argument was that the sale of the property from Dix Road to Dix Land was a "sham" transaction to allow Dix Road to terminate the billboard lease. While the 2011 suit couched this argument in the language of contract law, and this action brings multiple claims in tort, the fact necessary to prove each set of arguments is that the sale transaction was a "sham" or in some way fraudulent.

This issue was "actually litigated" before the district court, decided by the district court, and affirmed by the circuit court in 2011. It was also "essential to the judgment," in that, had the district court found the property sale between Dix Road and Dix Land to be a "sham," it could not have permitted defendants to proceed under the termination clause of the billboard lease. Because International Outdoor chose not to appeal the judgment of the district court beyond the circuit court, the court's judgment became "valid and final." International Outdoor cannot now seek to relitigate that judgment when it has already had a "full and fair opportunity" to do so.

---

[7] Mutuality of estoppel is not always required for collateral estoppel to apply. See *Monat*, 469 Mich at 687–688.

Finally, this action shares mutuality of estoppel with the 2011 lawsuit, because the parties here are identical to or in privity with the parties to the 2011 lawsuit. The sale of property between Dix Road and Dix Land at issue in the 2011 lawsuit involved all the defendants to this action. In the 2011 lawsuit—as here—Dix Road defended the property sale against International Outdoor's claim that it was fraudulent. As such, Dix Road defended the interests of all the defendants to this action in the 2011 lawsuit, and it "represent[ed] the same legal right that the later litigant[s] [i.e., Steven Laffey and Dix Land] [are] trying to assert." *Adair*, 470 Mich at 122.

## IV. CONCLUSION

Accordingly, International Outdoor's action is barred by collateral estoppel. The trial court thus reached the right result, albeit for the wrong reason, and its order is therefore affirmed.[8]

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[8] See *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 225; 813 NW2d 752 (2011).